JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SYLVIA WILLIAMS,

                  Plaintiff,

      v.

COSTCO WHOLESALE
CORPORATION, *et al.*,

                  Defendants.

Case No. 2:25-cv-05585-FLA (JPRx)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 9]**

1

## **<u>RULING</u>**

On June 20, 2024, Plaintiff Sylvia Williams ("Plaintiff") initiated this action against Defendant Costco Wholesale Corporation ("Defendant") in the Los Angeles County Superior Court.  Dkt. 1-2 at 4.[1]  Plaintiff asserts state-law claims for negligence and premises liability, arising from Plaintiff's visit to Defendant's store in Inglewood, California, where Plaintiff allegedly slipped and fell.  *Id.* at 9–10.

On June 19, 2025, Defendant removed the action to this court ("Notice of Removal") based on alleged diversity jurisdiction, under 28 U.S.C. § 1332.  Dkt. 1.  On July 2, 2025, Plaintiff filed the subject Motion to Amend the Complaint and/or Remand (the "Motion"), requesting the court remand this action to state court due to a lack of subject matter jurisdiction.  Dkt. 9 ("Mot.").  Plaintiff also seeks attorney's fees for Defendant's allegedly improper removal.  *Id.* at 30.  Defendant filed its Opposition to the Motion on July 18, 2025.  Dkt. 12 ("Opp'n").  On July 30, 2025, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for August 1, 2025.  Dkt. 14; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

This is Defendant's second time removing this action.  *See* Dkt. 1 ("Notice of Removal") ¶ 4.  The court previously remanded this action for lack of subject matter jurisdiction on March 12, 2025, finding Defendant had not met its burden of proving by a preponderance of the evidence that the amount in controversy met the jurisdictional threshold.  *See id.* ¶ 5.  Defendant removed again based on new discovery responses.  *See id.* ¶ 6.

Having reviewed the Notice of Removal and Plaintiff's Motion, and for the following reasons, the court finds Defendant again fails to establish subject matter jurisdiction and REMANDS this action to the Los Angeles County Superior Court.

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

Plaintiff's request for attorney's fees and costs is DENIED.[2]

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

First, Defendant contends the amount in controversy is satisfied because Plaintiff's Statement of Damages alleged $1 million in general and special damages.

---

[2] Because the court remands, the court does not reach Plaintiff's request to amend the Complaint.

Opp'n at 4.  A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).  Plaintiff's Statement of Damages does not provide any facts to explain how Plaintiff determined the general damages stated.  Dkt. 1-2 at 22. Thus, it is clear these damages are simply a "bold optimistic prediction" and not a reasonable estimate of Plaintiff's claims.  *See Romsa*, 2014 WL 4273265, at *2.

Second, Defendant argues the amount in controversy is satisfied because Plaintiff provided medical records and bills totaling approximately $73,322.06, as well as lost earnings.  Dkt. 1 ¶ 12; *see* Dkt. 1-2 at 7.  Defendant does not provide any estimate of Plaintiff's lost earnings.  *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) ("[I]f a defendant provided no evidence or clearly inadequate evidence supporting its valuation for a claim, then it might be appropriate for a district court to assign that claim a $0 value.").  Thus, Defendant has not established that the amount in controversy exceeds $75,000.

Any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court.  *See Gaus*, 980 F.2d at 566. Thus, under the circumstances, the court finds Defendant has not met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  There is, therefore, no basis for diversity jurisdiction.[3]  *See* 28 U.S.C. § 1332; *see also Romsa*, 2014 WL 4273265, at *2 (remanding action where plaintiff's statement of damages did not explain how he arrived at the damages

---

[3] Because the court remands on this basis, the court need not consider Defendant's remaining arguments.

4

estimated); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same).

Lastly, Plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c) ("§ 1447(c)"). Mot. at 30. "Under 28 U.S.C. § 1447(c), an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1072 (C.D. Cal. 2014) (cleaned up) (quoting 28 U.S.C. § 1447(c)). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiff's Statement of Damages alleged $1 million in general and special damages. Even though this amount is simply a "bold optimistic prediction," and not a reasonable estimate, of Plaintiff's claims, *see Romsa*, 2014 WL 4273265, at *2, Defendant had a reasonably objective basis to remove the action because of it. Accordingly, removal was objectively reasonable and does not merit an award of attorney's fees to Plaintiff at this time. Plaintiff's request is DENIED.

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, the court GRANTS the Motion and REMANDS the action to the Los Angeles County Superior Court, Case No. 24TRCV02067. Plaintiff's request for attorney's fees and costs is DENIED. All dates and deadlines in this court are VACATED. Defendant's Motion to Disqualify Counsel (Dkt. 20) is DENIED as moot. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 2, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

6